Jack BURRIS, Individually and as President of Burris Oil Company; Burl Hurley, individually and as President of Hurley Oil Company; Al Heringer, III, individually and as President of Lone Star Company; Neil Miller, individually and as President of Miller Oil Company; Doyle Odom, individually and as President of Odom Oil Company; J.D. Williams, individually and as President of Williams Oil Company, Plaintiffs,

v.

SUN REFINING AND MARKETING COMPANY, Defendant.

No. LR–C–83–547.

United States District Court, E.D. Arkansas, W.D.

Nov. 20, 1984.

Donald Grissom, Austin, Tex., William Brazil, Conway, Ark., for plaintiffs.

Alston Jennings, Sr., Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

This case comes before the court on defendant's motion to dismiss for plaintiffs' failure to comply with the court's discovery order. On March 23, 1984, this court entered an order requiring plaintiffs to respond to defendant's interrogatories and requests for production of documents "fully and adequately" within 30 days. Plaintiffs were warned that failure to comply would result in dismissal of their complaint with prejudice. Plaintiffs were further ordered to pay defendant $1,000.00 as attorney's fee for efforts in securing the order requiring compliance with discovery. Subsequently, all parties agreed to extend the time for responses to discovery to August 4, 1984. Responses were still not timely filed, and on August 8, 1984, defendant renewed its pending motion to dismiss. Plaintiffs responded on September 23, 1984, that they were required to expend a great deal of time researching their business records in order to answer defendant's interrogatories. Plaintiffs further claimed that as of September 23, 1984, they had fully responded to all discovery requests. Defendant controverts this assertion, and contends that plaintiffs have responded in untimely, misleading, and marginal fashion to its discovery requests. It is defendant's position that dismissal under Fed.R.Civ.P. 37 is an appropriate sanction for plaintiffs' failure to make discovery.

Dismissal of an action for failure to comply with discovery is the most drastic sanction provided under Rule 37, and must be sparingly utilized. The Supreme Court has held that such a remedy is only appropriate where failure to comply with discovery orders is the result of willfulness, bad faith, or fault of the party who has failed to comply. *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The court should consider the full record in determining whether dismissal is an appropriate sanction. *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In the final analysis, however, the decision whether to impose the ultimate sanction rests in the court's sound discretion. Fed.R.Civ.P. 37(b)(2). *See General Dynamics Corp. v. Selb Mfg. Corp.*, 481 F.2d 1204 (8th Cir. 1973), *rehearing denied, cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116. In deciding to exercise that discretion, the court has thoroughly reviewed the full record in the case at bar, and finds that numerous problems and delays have arisen and have been called to the court's attention in the progress of discovery in this case.

This case was originally filed on February 19, 1982, as Civil Action No. LR–C–82–

59, in the Western Division of the Eastern District of Arkansas, styled Burris, et al v. Sunmark Industries. Defendant submitted interrogatories to plaintiffs on April 30, 1982, to which no response was made. On June 16, 1982, counsel for defendant wrote counsel for plaintiffs, voluntarily extending until July 2, 1982, the time for response to these interrogatories. No response, excuse for lack of response, or request for enlargement of time in which to respond was made by plaintiffs. On August 18, 1982, defendant moved for dismissal under Fed. R.Civ.P. 37(d). The court entered an order requiring plaintiffs to respond to defendant's interrogatories by September 7, 1982, or the case would be dismissed with prejudice. On October 19, 1982, the plaintiffs finally responded to the motion and order, stating that the interrogatories had been answered to the best of plaintiffs' abilities "without substantially disrupting the operation of the respective companies." The matter was set down for hearing on November 5, 1982. At that time, the court dismissed the case without prejudice, for plaintiffs' "flagrant failure to comply with all court's orders and noncompliance with both federal and local rules." Counsel for the plaintiffs was informed by the court that if the case were refiled, the plaintiffs would be expected to comply with discovery "absolutely on time."

Suit was refiled on June 27, 1983. On August 29, 1983, defendant submitted interrogatories and requests for production to plaintiffs. Plaintiffs requested and received a one-week extension of time to answer these discovery requests and later defendant additionally granted plaintiffs until November 1, 1983, to answer. On November 1, 1983, some interrogatories were answered, but many remained unanswered. Of the unanswered interrogatories, many dealt with damages questions, and covered the same material which the unanswered interrogatories from the original case covered.

Defendant again moved, on December 5, 1983, to dismiss for failure to make discovery. Plaintiffs responded on January 13, 1984, stating that they had fully responded to defendant's discovery requests,

and in particular that they had "in detail set forth the damages suffered by each Plaintiff." Defendant's reply to this response, filed January 30, 1984, indicates that while plaintiffs' answers to the interrogatories at issue were "improved" by supplementation, they were still insufficient to allow defendant to prepare for trial. The answers remained vague, and included statements to the effect that plaintiffs did not have the information compiled and would provide the requested information when it became available.

On March 1, 1984, this court entered an order requiring plaintiffs to appear on March 23, 1984, and show cause why the action should not be dismissed for failure to comply with discovery orders. At the hearing on March 23, 1984, plaintiffs were directed to respond to defendant's discovery requests within 30 days, on penalty of dismissal. Plaintiffs were further directed pay defendant the sum of $1,000.00 as attorney fees. On June 22, 1984, defendant extended time for responses to all outstanding discovery until August 4, 1984. On August 9, 1984, no responses having been filed, defendant renewed its motion to dismiss. Plaintiffs responded on September 28, 1984, stating that they had fully responded to all discovery requests made by defendant.

On October 29, 1984, defendant filed a reply to the plaintiffs' response, again alleging that such responses to discovery as had been provided by plaintiffs were not only untimely, but also insufficient, in that they included inconsistent answers, illegibly handwritten answers, and promises to supplement answers at a later date. Attachments were omitted, and there had been no response to defendants' first set of interrogatories to all plaintiffs or to defendant's second request for production of documents. Finally, the attorney's fee assessed at the March 23, 1984, hearing had not yet been paid. Plaintiffs have filed no further response.

■ The foregoing review of the discovery problems encountered by defendant in this case reveals that plaintiffs have consistently, over a period of almost three

years since this case was first filed, flaunted the discovery rules of the Fed.R.Civ.P. Plaintiffs have done nothing, as far as discovery is concerned, in a timely fashion. Defendant and this court have been extremely patient in allowing plaintiffs ample time to comply with discovery. What responses plaintiffs have made have been inadequate, evasive, and even illegible. Such flaunting of the rules of discovery is inexcusable. This case has already been dismissed once for the derelictions of the plaintiffs in failing to comply with discovery orders, and it must now be dismissed a second time for the same reason. This time, the dismissal will be with prejudice to the refiling of the action. While it is true that plaintiffs' case has not been heard on the merits, there is a limit to the leeway which parties may be given in preparation of their case. A responsibility is owed not only to one's clients but also to opposing parties and the court, to cooperate in preparing a case and moving it through the judicial system. *See National Hockey League v. Met. Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1975). That responsibility has been callously disregarded by plaintiffs in the case at bar, in spite of repeated admonitions and warnings. The complaint of the plaintiffs is therefore dismissed with prejudice.